CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
04/03/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIRK DONOVAN RAMEY,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY RYAN J. HARTMAN,<br><br>Defendant. | 6:19-CV-00003<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON<br>SENIOR UNITED STATES DISTRICT JUDGE |

This matter is before the Court on Defendant Deputy Ryan J. Hartman's "Motion for More Definite Statement" pursuant to Rules 8, 10, and 12(e) of the Federal Rules of Civil Procedure. (Dkt. 3). Plaintiff Kirk Donovan Ramey has not responded and the matter is now ripe for consideration. For the reasons stated below, the Court will grant Defendant's Motion.

Plaintiff filed a Warrant in Debt (Civil Claim for Money) in the Bedford County General District Court, Virginia, alleging violations by the Defendant of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. (Dkt. 1-1). On January 18, 2019, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446. (*See* Dkt. 1; Dkt. 1-1). No motion to remand has been filed.

On January 24, 2019, Defendant filed his Motion for More Definite Statement pursuant to Rules 8, 10, and 12(e) of the Federal Rules of Civil Procedure. Defendant seeks an order directing the Plaintiff to file a complaint that comports with the Rules by providing a more definite statement of the legally operative facts and that identifies the claims against the Defendant. (Dkt. 3). Defendant argues that the Warrant in Debt does not provide any factual allegations which would

allow the Defendant to reasonably prepare a response. (Dkt. 4 at 1-2). Defendant further argues that the Warrant in Debt fails to comply with Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. (*Id.* at 2). The Court agrees.

Fed. R. Civ. P. 12(e) provides that before filing a responsive pleading, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." However, "Rule 12(e) motions are not a substitute for discovery, and ordinarily will not be granted where the information sought could be obtained in discovery." *The Collection, LLC v. Valley Bank*, No.4:09CV00007, 2009 WL 2357145, at *5 (W.D. Va. July 31, 2009). While not a substitute for discovery, a Rule 12(e) motion "is appropriate when a lack of notice of the claims leaves defendant unable to formulate a response that both answers the allegations and asserts appropriate affirmative defenses." *Moore v. Matthews*, No. 4:12-cv-00015, 2012 WL 12549868, at *1 (W.D. Va. Aug. 31, 2012) (Opinion and Order) (Ballou, M.J.) (citing *The Collection, LLC*, 2009 WL 2357145). Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The Warrant in Debt in this case only states that the Defendant owes Plaintiff $25,000.00 net of any credit and a reasonable attorney's fee with the basis of the claim being: "Violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983." (Dkt. 1-1; Dkt. 5 (state court-supplied records)). No facts are provided in support of the claim. No supplement to the Warrant in Debt has been identified in the State Court Records received from the Bedford County General District Court. (*See* Dkt. 5).

The Court, therefore, will grant Defendant's motion for a more definite statement (dkt. 3) and order Plaintiff to file an Amended Complaint within 21 days from the date of the order that complies with the Federal Rules of Civil Procedure and sets forth the factual bases for the claims against the Defendant.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to counsel of record.

Entered this 3rd day of April, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

.