IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIRK DONOVAN RAMEY, ) | |
| ) | |
|    *Plaintiff* ) | |
| ) | |
| v. ) | CASE NO. 6:19-cv-00003 |
| ) | |
| DEPUTY RYAN J. HARTMAN, ) | JURY TRIAL DEMANDED |
| in his personal capacity, ) | |
| ) | |
|    *Defendant.* ) | |

## COMPLAINT

Plaintiff Kirk Donovan Ramey ("RAMEY"), by the undersigned attorney, makes the following averments:

### NATURE OF THE CASE

1. This action arises from the unlawful detention, false arrest and malicious prosecution of RAMEY in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 by defendant Ryan J. Hartman ("HARTMAN") on April 7, 2018 in Bedford County, Virginia. RAMEY also asserts related state claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of federal claims asserted in this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state claims asserted in this action

pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b), because the defendants is a resident of the Western District of Virginia and because all of the events or omissions giving rise to the claim occurred in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff RAMEY is an adult resident of the Florida.

6. Defendant HARTMAN is a deputy sheriff employed by the Bedford County Sheriff's Department.

## FACTS COMMON TO ALL COUNTS

7. On April 7, 2018 RAMEY rented a car at the Roanoke Airport to travel to Bedford, where he owns investment property.

8. Shortly before 2:00 a.m., RAMEY drove toward Bedford along U.S. Highway 460.

9. The car RAMEY rented was equipped with daytime running lights and RAMEY was unfamiliar with their operation. The daytime running lights were activated but not the headlights. RAMEY was unaware of this and thought the headlights were on.

10. HARTMAN was on-duty on U.S. Highway 460 in Bedford County when he noticed RAMEY driving the rental car with the daytime running lights operating instead of the headlights.

11. HARTMAN initiated a traffic stop and RAMEY informed HARTMAN that he was

Page 2 of 9

Case 6:19-cv-00003-NKM-RSB   Document 9   Filed 04/23/19   Page 2 of 9   Pageid#: 26

unfamiliar with the daytime running lights and so thought the headlights were on.

12. RAMEY was otherwise driving the rental car normally and lawfully. He was not speeding, not weaving and was maintaining proper control of the vehicle at all times.

13. HARTMAN began to question RAMEY about alcohol consumption and RAMEY denied recent alcohol consumption.

14. HARTMAN became aggravated with RAMEY and began to question RAMEY in a threatening and rude manner.

15. HARTMAN told RAMEY something to the effect of "you're one of those guys who wants to sue everybody."

16. RAMEY had no alcohol in the car and his blood alcohol content was zero.

17. HARTMAN nevertheless falsely claimed to detect an odor of alcohol at the scene and he continued questioning aggressively RAMEY about alcohol use. RAMEY denied having alcohol in his system.

18. HARTMAN asked RAMEY to perform field sobriety tests and RAMEY refused, explaining that he had recently had back surgery that would prevent him from performing physical tests.

19. HARTMAN asked RAMEY to take a portable breath test and RAMEY refused, stating that he would take a blood test but not a portable breath test because he knew the portable tests were unreliable (RAMEY is in the business of designing and manufacturing scientific and medical devices).

20. RAMEY was never intoxicated by any means at any time on April 7, 2018.

21. Lacking any probable cause whatsoever to believe that RAMEY was intoxicated, HARTMAN arrested RAMEY and transported him the magistrate's office, where he obtained a warrant alleging that RAMEY was intoxicated in public.

22. HARTMAN pressured the magistrate to incarcerate RAMEY, but the magistrate refused. Instead, the magistrate asked HARTMAN why he had not charged RAMEY with DUI. HARTMAN did not respond to the magistrate. The magistrate released RAMEY immediately on his own recognizance.

23. RAMEY went immediately upon release by the magistrate to Bedford Memorial Hospital were he had his blood tested. His blood alcohol level was zero.

24. On June 11, 2018, the Commonwealth dismissed the charge against RAMEY with prejudice.

25. RAMEY sought and obtained an expungement of his arrest and prosecution.

## FIRST CAUSE OF ACTION

**UNLAWFUL SEIZURE (FALSE IMPRISONMENT AND FALSE ARREST) IN VIOLATION OF RAMEY'S CLEARLY ESTABLISHED RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**[42 U.S.C. § 1983]**

26. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

27. The Fourth and Fourteenth Amendments to the United States Constitution provide clearly established protected rights to all persons, including, but not limited to:

- Freedom from unreasonable seizure

- Freedom from the deprivation of liberty and property without due process of law

- Freedom from arbitrary governmental activity which shocks the conscience.

28. The "Ku Klux Klan Act " (42 U.S.C. § 1983) provides that:

    > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.. .

29. While the initial traffic stop by HARTMAN was lawful, once the purpose of the stop (to investigate the lack of proper use of headlights) was concluded, RAMEY was unlawfully detained and arrested on April 7, 2018 (i) without probable cause to believe that he had committed any crime, (ii) without a reasonable and articulable suspicion to believe that any criminal activity was afoot and (iii) in violation of his clearly established rights to be free from unlawful seizure under the Fourth Amendment to the United States Constitution and to substantive due process under the Fourteenth Amendment to the United States Constitution.

30. RAMEY sustained injuries and damages as a result of being unlawfully detained and falsely arrested on April 7, 2018, including (i) loss of liberty, (ii) mental anguish, (iii) damage to reputation (iv) depression, (v) embarrassment and (vi) humiliation.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION
## [42 U.S.C. § 1983]

31. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

32. HARTMAN sought and obtained a criminal warrant against RAMEY for public intoxication on April 7, 2018 when he had no probable cause to obtain said warrant

33. The above-referenced criminal charges was dismissed with prejudice.

34. HARTMAN acted with actual malice toward RAMEY when he falsely and unlawfully placed RAMEY under arrest on April 7, 2018 without probable cause believe a crime had occurred.

35. HARTMAN continued to maliciously prosecute the case against RAMEY until June 11, 2018 when the prosecution dismissed the case with prejudice.

36. RAMEY sustained injuries and damages as a result of being maliciously prosecuted by HARTMAN from April 7, 2018 to June 11, 2018, including (i) mental anguish, (ii) damage to reputation (iii) depression, (1v) embarrassment and (v) humiliation.

## THIRD CAUSE OF ACTION
## COMMON LAW ASSAULT AND BATTERY
## [VIRGINIA COMMON LAW CLAIM]

37. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

38. HARTMAN assaulted and battered RAMEY on April 7, 2018 when HARTMAN (i) arrested RAMEY without probable cause, consent or other legal excuse or justification, (ii) placed RAMEY in handcuffs and (iii) transported RAMEY to the magistrate.

39. HARTMAN acted with actual malice when he assaulted RAMEY on April 7, 2018.

40. HARTMAN acted in wanton and willful disregard of RAMEY'S right when HARTMAN assaulted RAMEY on April 7, 2018.

41. RAMEY suffered damages as a result of being assaulted by HARTMAN on April 7, 2018, including (i) loss of liberty, (ii) pain, (iii) mental anguish, (iv) damage to reputation (v) depression, (vi) embarrassment and (vii) humiliation.

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT
## [VIRGINIA COMMON LAW CLAIM]

42. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

43. HARTMAN had no legal justification or authorization to detain, restrain or imprison RAMEY at any time on April 7, 2018 after the purpose of conducting the traffic stop concluded.

44. HARTMAN acted with actual malice when he falsely imprisoned RAMEY on April 7, 2018.

45. RAMEY suffered injuries as a result of being falsely imprisoned by HARTMAN on April 7, 2018, including (i) loss of liberty, (ii) mental anguish, (iii) damage to reputation (iv)

depression, (v) embarrassment and (vi) humiliation.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## [VIRGINIA COMMON LAW CLAIM]

46. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

47. HARTMAN acted with insult, rudeness, or oppression, or in a manner showing reckless and wanton disregard of RAMEY'S right when he fabricated false criminal charges against RAMEY and encouraged the magistrate to incarcerate RAMEY on April 7, 2018.

48. HARTMAN charged RAMEY with a crime even though HARTMAN lacked probable cause to believe that RAMEY had committed any crime.

49. HARTMAN acted with actual malice toward RAMEY when HARTMAN obtained the misdemeanor warrant against RAMEY.

50. RAMEY suffered injuries as a result of HARTMAN'S malicious prosecution, including (i) loss of liberty, (ii) mental anguish, (iii) damage to reputation (iv) depression, (v) embarrassment and (vi) humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Kirk Donovan Ramey, prays that this Court enter judgment in his favor and against the defendants on each of the above causes of action, and further prays for:

A) An award of his actual damages as appropriate to the proof at trial.

B) Punitive damages as appropriate to the proof at trial.

C) Recovery from the defendant of the reasonable attorney fees and costs incurred in bringing this action.

D) Such additional and other relief as the Court deems appropriate, including, but not limited to, injunctive, prospective, declaratory or other equitable relief.

<center>A JURY TRIAL IS DEMANDED</center>

Respectfully submitted,

**KIRK DONOVAN RAMEY**
By Counsel

By: /s/ M. Paul Valois\_\_\_
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**